IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD WOODRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| TRANSPORTATION, OMER OSMAN, BECKY | ) | |
| KOEHLER, JEFFREY MYERS, TALIA DEAN, | ) | |
| NICOLE ALEMAN-HUGHES, and UNKNOWN | ) | |
| OTHERS, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

In support of his complaint against the Illinois Department of Transportation, Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and Unknown Others, Ronald Woodrum states as follows:

### JURISDICTION AND VENUE

1. This lawsuit alleges two separate legal claims. First, he alleges that the Illinois Department of Transportation violated his rights under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (the "FMLA"). Second, he alleges that Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and unknown others have violated his rights under the Due Process Clause of the Fourteenth Amendment to the Constitution. His second claim is brought under 42 U.S.C. § 1983.

1

2. Both of Woodrum's claims raise federal questions. This Court has jurisdiction to entertain them under 28 U.S.C. § 1331.

3. Woodrum worked for the Department of Transportation out of Sangamon County, Illinois. The Defendant is headquartered in Sangamon County, Illinois, and the decisions that gave rise to this lawsuit occurred within Sangamon County, Illinois. Venue is appropriate in this Court.

### PARTIES

4. Woodrum is an adult and has, at all times relevant to this proceeding, been employed as a Highway Maintainer for the Illinois Department of Transportation.

5. The Illinois Department of Transportation is a state government agency with more than 500 employees. It is an employer as the FMLA defines that term.

6. The Illinois Department of Transportation employs Talia Dean as an Employee Assistance Specialist. She is being named in this proceeding in her individual capacity.

7. At all times relevant to this proceeding, Omer Osman has been employed by the Illinois Department of Transportation as its Secretary. He was appointed to that position in 2019. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity.

8. At all relevant times, Becky Koehler was employed by the Illinois Department of Transportation as its Director of Personnel Management. She is named in this proceeding in her individual capacity and, for the limited purpose of implementing equitable relief, in her official capacity.

2

9.  At all relevant times, Jeffrey Myers was employed by the Illinois Department of Transportation as the Region 4 Engineer. He is named in this proceeding in his individual capacity and, for the limited purpose of implementing equitable relief, in his official capacity.

10. Nicole Aleman-Hughes was the Personnel Manager at District 6 during the relevant periods. She is named in this lawsuit in her individual capacity.

11. Unknown Others were involved in the relevant decision-making in this matter. They are named in their individual capacities.

## FACTS COMMON TO ALL CLAIMS

12. On or about September 15, 2014, Woodrum became employed by the Illinois Department of Transportation as a Highway Maintainer.

13. During the first years of his employment, Woodrum worked for the Department in a temporary, seasonal capacity. In this respect he would work during the winter months and return to work the following fall.

14. Woodrum worked the fall, winter, and spring of 2020-2021 as a temporary Highway Maintainer. Effective June 1, 2021, he was appointed to a permanent position as a Highway Maintainer with the Illinois Department of Transportation.

15. At all times relevant to this proceeding, Woodrum was employed by the State of Illinois, and his employment was governed by both the Illinois Personnel Code and certain collective bargaining agreements. He became a certified employee on December 1, 2021, and at that point, his employment could not be terminated

3

without cause; thus, he had a property interest in his position as Highway Maintainer for the Illinois Department of Transportation.

16. On May 5, 2022, Woodrum was injured at work. He was released from the hospital on May 6, 2022, and was initially given medical clearance to return to work on May 16, 2022.

17. Woodrum's injuries required hospitalization and a continuing course of care. As such, they were a serious health condition, as that term is defined by the FMLA.

18. When Woodrum returned to work on May 16, 2022, he took another leave stemming from the injury. Ultimately, he was not medically able to return to work until July 15, 2022.

19. Woodrum attempted to return to work on July 15, 2022, but was not allowed to do so by Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and others.

20. Woodrum was ultimately not allowed to return to his position until May 9, 2023.

21. The Illinois Department of Transportation had no medical basis for preventing him from returning to work after July 15, 2022.

22. The Illinois Department of Transportation had no disciplinary basis for preventing him from returning to work after July 15, 2022.

4

**COUNT I**
*FMLA as to the Illinois Department of Transportation*

23. The Illinois Department of Transportation is an employer, as that term is defined under the FMLA.

24. As of May 1, 2022, Woodrum was an "eligible employee" of the Illinois Department of Transportation, as that term is defined under the FMLA. 29 CFR § 825.102. In this respect, he had worked for it for more than 12 months and had worked more than 1,250 hours in the preceding twelve months.

25. On May 5, 2022, Woodrum notified the Illinois Department of Transportation that he needed to be away from work because of a serious personal health condition. This placed the Illinois Department of Transportation on notice that he may need leave mandated by the FMLA.

26. Once the Illinois Department of Transportation became aware of Woodrum's serious health condition, it was obligated to notify him of his rights to use FMLA-protected leave.

27. Woodrum's leave from May 6, 2022, through July 14, 2022, was protected by the FMLA.

28. The FMLA mandates that an employer reinstate an employee to his former position when his leave is over.

29. Despite its obligation under the FMLA to reinstate Woodrum to his position of employment as of July 15, 2022, the Illinois Department of Transportation refused to allow him to return to work.

5

30. In refusing to allow Woodrum to return to work, the Illinois Department of Transportation violated the regulations implementing the FMLA and its substantive provisions.

31. Ultimately, refusing to reinstate Woodrum as of July 15, 2022, violated his substantive rights under the FMLA.

32. Due to the foregoing, Woodrum lost financial compensation and incurred other economic damages.

As a result of the foregoing, Ronald Woodrum requests that this Court enter judgment in his favor and against the Illinois Department of Transportation and provide the following relief:

A. Enter a specific finding that the Illinois Department of Transportation violated his rights under the FMLA.

B. Enter an award of damages for his economic injuries.

C. Enter an award of liquidated damages.

D. Order that the Illinois Department of Transportation pay his claim's costs and legal fees.

E. Any other award that is just and appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL**

## COUNT II
*Fourteenth Amendment Due Process*
*As to Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean,*
*Nicole Aleman-Hughes, and Unknown Others*

33. As of July 15, 2022, Woodrum had a protectable property interest in his employment position.

34. As of July 15, 2022, Woodrum was not allowed to work, which was done against his will. The individuals who refused to allow him to work were Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and others.

35. While the refusal to allow him to work was classified as a leave of absence, it was done against his will and had the same effect as a suspension would have had. In this sense, he was denied the income associated with his employment.

36. Before forcing him on an unpaid leave of absence as of July 15, 2022, Woodrum was not afforded any pre-deprivation opportunity to be heard.

37. As of July 15, 2022, Woodrum was placed on an unpaid leave of absence and not afforded a meaningful post-deprivation opportunity to be heard.

38. On multiple occasions, Woodrum requested to return to work, and his requests were ignored without affording any meaningful opportunity to be heard.

39. Becky Koehler, Jeffrey Myers, Talia Dean, and Nicole Aleman-Hughes were all involved in the decision not to allow Woodrum to work and to deprive him of his opportunity to earn income.

40. Omer Osman approved the decision not to allow Woodrum to work after July 15, 2022.

41. By refusing to allow Woodrum to work as of July 15, 2022, without affording him an opportunity to be heard, Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and unknown others violated his substantive rights to due process. In this sense, he was not afforded a pre-deprivation opportunity to be heard.

42. By refusing to allow Woodrum to work after July 15, 2022, and not providing him with a meaningful post-deprivation hearing, Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and unknown others violated his substantive rights to due process.

43. As a result of the foregoing, Woodrum has sustained damages.

Wherefore, Woodrum requests that this Court enter judgment in his favor and against Omer Osman, Becky Koehler, Jeffrey Myers, Talia Dean, Nicole Aleman-Hughes, and unknown others and provide as follows:

A. An order providing that he was denied his rights to due process when he was deprived of a pre-deprivation hearing before not being allowed to work.

B. An order providing that he was denied his rights to due process when he was deprived of a meaningful post-deprivation hearing after not being allowed to work.

C. Equitable relief.

D. Economic damages.

E. Emotional distress damages.

F. The legal fees and costs associated with bringing this claim.

G. Any other appropriate relief.

8

**PLAINTIFF REQUESTS A JURY TRIAL**

RONALD WOODRUM
*July 1, 2024*


By: s/ John A. Baker
        His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
(T) (217) 522-3445
(F) (217) 522-8234
(E) jab@bbklegal.com